Wayne T. Evans
3262 N. Garey Ave. # 193
Pomona, Ca 91767
949-291-2461
wevans61@yahoo.com

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV-19-08129 DMG SKx

WAYNE T. EVANS

Plaintiff,

v.

CAPITAL ONE FINANCIAL INVESTING, LLC, CAPITAL ONE CREDIT CARD. ET...AL, DOES 1-100, inclusive

Defendants.

COMPLAINT

DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Wayne T. Evans, in Pro Se, Complaint against Defendants, States as follows:

### INTRODUCTION

1. Defendants Capital One Financial Investing, LLC. (collectively, "Capital One" or "the Bank" or "Defendants"), arising out of Defendants' Capital One repeated violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] which all relate to a debt with Capital One Financial Investing, LLC.

2. Plaintiff, Wayne T. Evans presently residing in Pomona, California.

3. Defendant, Capital One Financial Investing, LLC, is a corporation. Incorporated under the laws of Delaware Corporation and having a main office at 1680 Capital One Drive, McLean VA 22102. Defendant Capital One Financial Investing, LLC is registered with the California Secretary of State as an Delaware Corporation doing business in California and has designated a registered agent: CSC - LAWYERS INCORPORATING SERVICE 2710 Gateway Oaks Dr St Ste. 150 N, Sacramento CA 95833

## JURISDICTION

4. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

## VENUE

1. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this judicial district.

## PARTIES

2. Plaintiff Wayne T. Evans (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in California. Defendant Capital One Financial Investing, LLC, ("Defendants") is a Fogien Stock company that furnishes consumer credit information to

consumer reporting agencies. 15 U.S.C. §1681s-2. It is incorporated in Delaware Corporation and has its principal place of business in Virginia.

## FACTUAL ALLEGATIONS
### Defendants Capital One Financial Investing, LLC, Falsely Credit Reporting

3.  Plaintiff takes pride in his good name and established a credit rating, so he has worked hard to ensure that all his bills are paid on-time every month. As such, Plaintiff believes and understands that his credit record with all of his creditors is excellent.

4.  On or around August 03, 2019, Mr. Evans contacted Capital One, about derogatory information being reporting to all three major credit bureaus Capital One assured Plaintiff, they would correct and fix the problem within thirty

5.  On or around August 15 2019, Mr. Evans was contacted by NuVision Federal Credit Union, about his requested for a credit line increase on his credit card. NuVision informed Mr. Evans's, his requested for a credit increase has been denied because his credit score had dropped, as Capital One, appeared to be reporting Mr. Evans as "one 30 days, late" on his Experian, Equifax, and Trans Union credit report.

6.  Plaintiff believed that error could and would be corrected very easily.

7.  Plaintiff immediately called Capital One to request they clear up any errors they had made in their reporting to Experian, Equifax, and Trans Union

8.  On August 16, 2019, Mr. Evans received a phone call from Capital One ensuring him that, and that they would resubmit an update to the credit bureaus.

9. After waiting a couple of days to further ensure that any false information previously reported by Capital One had been removed or updated accordingly by Capital One and Experian, Equifax and Trans Union Mr. Evans were confident that this hurdle was behind him.

10. On or around August 16, 2019, Mr. Evans's again requested his credit information from Experian, Equifax, and Trans Union credit report, and soon thereafter, Mr. Evans was notified that he was being denied financing because he was still being reported as "one 30 days late" After several unsuccessful calls to Capital One.

11. Plaintiff has disputed the accuracy of the derogatory information reported by the Defendant to the Consumer Reporting Agency Experian Equifax and Trans Union on three separate occasions via phone.

12. Defendant Capital One has promised through its subscriber agreements or contracts with the credit reporting agencies to accurately update accounts but Defendant Capital One's has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Evans' credit reports.

13. Defendant maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Evans' disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

14. All actions taken by the Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Evans and/or with the knowledge that their actions would very likely harm Plaintiff Evans and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

**Reason for Keeping False Information on Credit Reports**

15. The primary reason why Defendants have placed and kept this false information on Plaintiff's reports is that furnishers (such as Defendant Capital One 's) provide enormous financial rewards to Experian and Equifax.

16. The importance of keeping false information on credit reports is that all the Defendants understand that one of the most powerful methods furnishers have to wrench payment from a consumer is by placing and keeping false accounts on the consumer's credit reports.

17. Defendant Capital One 's has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who is not behind on the alleged debt.

18. The reason is to keep false information on the credit report to force Plaintiff to pay a debt that is not owed.

19. Defendant Capital One's has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Capital One's has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

20. Defendant Capital One's assumed a duty, through the subscriber agreement and other actions, to accurately report the balances

and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

21. Defendant Capital One's has a policy to "park" its accounts on credit reports. This is a term in the industry for keeping a false account on the credit report so that the consumer will be forced to pay money in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Equifax, Experian and Capital One's Defendants' intentional and malicious conduct.

22. In parking or allowing the parking of an account, these Defendants know they are violating their obligations and duties under federal and state law to accurately report the account.

23. Defendants Capital One's, know that parking a false account will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed (as happened to Plaintiff) and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account Plaintiff does not owe.

24. Defendants Capital One's, maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to Defendants Experian and Equifax either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

25. At all relevant times, the Experian and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum

possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

26. Defendant Capital One's, failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and the FCRA. These violations occurred before, during, and after the dispute process began with the Defendants Experian and Equifax.

### Summary of Wrongful Conduct

27. Defendants Capital One's, Experian, and Equifax understand that one of the most effective ways to collect bogus debts is to credit report against California consumers such as Plaintiff. Defendant Capital One's, has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff.

28. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Defendants Experian and Equifax.

29. The Defendants Experian and Equifax have failed to maintain Plaintiff's account with maximum accuracy, and these Defendants and Defendant Capital One's, have failed to properly investigate the account in response to the disputes made by Plaintiff.

30. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

31. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

32. All Defendants know their conduct is wrong and have been sued multiple times for this type of wrongful conduct.

33. Significant punitive damages are needed to stop this type of inappropriate behavior from continuing to happen.

34. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

35. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

36. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

37. All Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their employees and agents, including, but not limited to, violations of the FCRA and California tort law, in their attempts to collect this debt from Plaintiff.

**NEGLIGENT AND WANTON HIRING AND SUPERVISION**

38. Defendants negligently and/or wantonly hired, trained, retained, or supervised incompetent agents and employees and are thereby

responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I

## VIOLATING THE FAIR CREDIT REPORTING ACT

39. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

40. Defendants Experian and Equifax are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

41. Defendant Capital One's, is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

42. Plaintiff notified Defendants Experian and Equifax directly of a dispute on the Defendant Capital One's, account's completeness and/or accuracy, as reported.

43. Defendants Experian and Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

44. Plaintiff alleges that at all relevant times Defendants Experian and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

45. Plaintiff alleges that Defendants Capital One's, Experian, and Equifax failed to conduct a proper and lawful reinvestigation.

46. All actions taken by the Defendants Capital One's, Experian and Equifax were done with malice, were done willfully, and were done

with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA, and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

47. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

48. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49. Defendants allowed and encouraged their agents and employees to break the law.

50. Defendants are aware of the wrongful conduct of their agents and employees.

51. Defendants Capital One's, Experian, and Equifax know and approve of their incompetent employees and agents who are involved in credit reporting.

52. All Defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent credit reporting individuals and/or entities, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT III

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

54. Defendants owe a duty to anyone they come in contact with to act reasonably so as to not unreasonably cause harm.

55. Defendants assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

56. Defendants owe a duty to consumers against whom they are collecting to act reasonably.

57. All of the actions described in this Complaint demonstrate that Defendants did not act reasonably towards the Plaintiff.

58. Defendants by their described conduct breached their duty to act reasonably towards Plaintiff.

59. Defendants proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendants anticipated causing when they breached their duty to act reasonably.

60. Defendants knew or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

61. Defendants acted with full knowledge and with the design and intent to cause harm to Plaintiff.

62. Defendants were successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendants when dealing with consumers who do not pay debts that Defendants allege are owed.

63. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

64. Defendants violated all of the duties Defendants had, and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

65. It was foreseeable, and Defendants did, in fact, foresee that the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

66. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

67. Defendants invaded the privacy of Plaintiff as set forth in California law.

68. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

69. Defendants have defamed Plaintiff even after Plaintiff requested in writing that Defendants withdraw the false statements.

70. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

71. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

72. All Defendants know their conduct is wrong and have been sued multiple times for this type of wrongful conduct.

73. Significant punitive damages are needed to stop this type of inappropriate behavior from continuing to happen.

74. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and

scope of such individuals (or entities') employment, agency or representation.

75. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

76. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

77. All Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their employees and agents, including, but not limited to, violations of the FCRA and California tort law, in their attempts to collect this debt from Plaintiff.

**NEGLIGENT AND WANTON HIRING AND SUPERVISION**

78. Defendants negligently and/or wantonly hired, trained, retained, or supervised incompetent agents and employees and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against all Defendants Capital One Financial Investing, LLC, for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

Wayne T. Evans

Plaintiff, Pro Se
3262 N. Garey Ave. # 193
Pomona, California 91767
(949) 291-2461
email address
wevans61@yahoo.com

Dated: September 8, 2019

_____
Wayne T. Evans
Pro Se

## CERTIFICATE OF SERVICE

I, Jeffrey Antes, declare as follows:

I am over eighteen (18) years of age and not a party to the within the action. My business address is 1520 S. Highland Ave Apt B Fullerton, CA 92832.

I served a copy of the attached **Complaint** to each of the following, by placing a true copy thereof in a sealed envelope with postage fully prepaid, in the United States mail at Fullerton, California, addressed as follows:

Corporation Service Company which will do Business in California AS CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste 150N
Sacramento CA 95833
Tel:
Fax:

Each said envelope was then, on September 8, 2019, sealed and deposited in the United States mail at Fullerton, California, in the County of Orange in which I am employed. I declare, under penalty of perjury of the laws of the State of California, that the preceding is true and correct, and that this Declaration was executed this 9th day of September 8, 2019, at Fullerton, California.

Jeffrey Antes